UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GAIL VOGEL,<br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security, U.S.A.*,<br>    Defendant. | No. 3:13-cv-01415 (JAM) |

**RULING GRANTING MOTION FOR REMAND**

Plaintiff Gail Vogel claims that she is entitled to widow's insurance benefits under the Social Security Act. She has brought this action seeking review of the denial of her claim for benefits. On March 31, 2015, Magistrate Judge Joan G. Margolis issued a recommended ruling to grant plaintiff's motion for an order to reverse and remand for further consideration by the Administrative Law Judge (ALJ). The Commissioner has objected to Judge Margolis's ruling.

I will assume the parties' familiarity with the factual record and rulings in this case. The parties do not dispute that plaintiff's eligibility for widow's insurance benefits turns on whether she was married to the qualified wage earner, Joseph Vogel, for at least ten years. Nor do the parties dispute that whether plaintiff was married and continued to be married (*i.e.,* not divorced) must be determined by reference to New York law.

Substantial evidence in the record suggests—and the ALJ found—that plaintiff and Joseph Vogel were divorced by reason of actions taken in Haiti approximately four years after they were married. The ALJ, however, did not make any finding that the divorce was valid as a divorce under New York law. Because plaintiff was entitled to a determination of her marital status under New York law, I agree with Judge Margolis that it was legal error for the ALJ to make a determination that plaintiff was divorced but without a further determination that the

divorce was valid under New York law. *See, e.g., Robinson v. Shalala,* 1995 WL 681044, at *2-*4 (S.D.N.Y. 1995) (Sotomayor, J.) (reviewing ALJ determination that Danish divorce was valid under Vermont law for purposes of widow's insurance benefit determination).

I also agree that this legal error should not be overlooked as harmless. As the Supreme Court has long made clear under the so-called *Chenery* doctrine, "'[a]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.'" *See N.L.R.B. v. Enter. Ass'n of Steam, Hot Water, Hydraulic Sprinkler, Pneumatic Tube, Ice Mach. & Gen. Pipefitters of New York & Vicinity, Local Union No. 638*, 429 U.S. 507, 522 n.9 (1977) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)). Accordingly, "[w]hen an administrative agency has made an error of law, the duty of the Court is to correct the error of law committed by that body, and, after doing so to remand the case to the (agency) so as to afford it the opportunity of examining the evidence and finding the facts as required by law." *Ibid.*

I need not consider whether the *Chenery* doctrine categorically bars application of harmless error review of the legal errors made within an agency determination. At the least, it puts a thumb on the scale to discourage courts from undertaking such review in the agency context as they ordinarily would in the judicial appellate review context. *See generally* Kevin M. Stack, *The Constitutional Foundations of Chenery*, 116 Yale L.J. 952, 955-56 (2007). Thus, the Second Circuit has suggested a stringent standard of harmless error review such that remand to the agency is required unless it is clear to the reviewing court that "application of the correct legal standard could lead to only one conclusion" that requires affirmance of the agency decision. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (citing cases).

This "inevitably-but-one-conclusion" standard is a demanding one, and I cannot say that

the Commissioner has satisfied it here. The law governing when one state of the United States will recognize the divorce decrees of a foreign country like Haiti is far from simple. The Commissioner primarily relies on a New York state trial court decision of the applicable legal standard to the effect that "[a] divorce granted by a foreign country will be afforded comity by the State of New York where the jurisdiction of the foreign tribunal was predicated upon the consent of both parties and residency, rather than domicile, was established by a statutory 'brief contact' through the appearance of one of the parties." *Kushnick v. Kushnick*, 763 N.Y.S.2d 889, 892 (Sup. Ct. 2003). This standard itself is factbound and would require me to determine—or to imply from the ALJ's findings that were not themselves directed toward a determination of this standard—that both parties consented to a divorce and that one of them adequately established residency in Haiti.

What is more, additional case law of New York suggests that fraud or public policy concerns may impact the willingness of a New York court to recognize a foreign country's divorce decree. *See Greschler v. Greschler*, 51 N.Y.2d 368, 376 (1980). Moreover, there may be a threshold question of whether, in order to be valid under New York law, the divorce must also be determined to have been valid in the first place under the law of Haiti, because—as one New York court has noted—"[t]here is also precedent holding that the validity of a divorce granted in a foreign country must be tested by applying the laws of that country." *T.T. v. K.A.*, 867 N.Y.S.2d 21 at *2 (Sup. Ct. 2008); *see also Robinson*, 1995 WL at *4 (considering validity of alleged divorce under Danish law and in light of facts concerning residency in Denmark). And there may also be temporal concerns: whether to apply the standard of New York law that governed recognition of foreign divorces in 1978—when the alleged divorce here occurred—or the standard that New York law applies today.

All in all, it is less than crystal clear to me that the divorce that allegedly occurred in this case in Haiti was valid under New York law. Yes, the Commissioner may well have strong arguments to make. But I cannot say—as *Chenery* and *Zabala* require—that there is inevitably but only one answer to this fact-dependent legal question. It is a question that the ALJ in the first instance should determine on the basis of the plenary factual record, any additional facts that may warrant development, and a fuller development of the law of New York than the Commissioner has presented here.

Plaintiff's motion to reverse and remand (Doc. #23) is GRANTED. Defendant's motion for an order to affirm the decision of the Commissioner (Doc. #27) is DENIED. The case is remanded for the ALJ to determine whether the divorce at issue was valid under the law of New York.

It is so ordered.

Dated at New Haven this 28th day of March 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge